1997 ME 21

**STATE of Maine**

v.

**Carle A. ROBBINS, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1997.

Decided Feb. 5, 1997.

---

David W. Crook, District Attorney, Evert Fowle, Asst. Dist. Atty., Skowhegan, for State.

Janet T. Mills, Wright & Mills, P.A., Skowhegan, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1]   Carle A. Robbins, Jr. appeals from the judgments entered in the Superior Court (Somerset County, *Marden, J.*) convicting him of an assault on Keith Gould and of an habitual offender violation.   The sole issue raised on appeal relates to the State's presentation of two rebuttal witnesses previously unknown to either the defense or the prosecution.   We affirm the judgments.

[¶ 2]   In June of 1995 Robbins was looking for Gould to inquire about Gould's stopping payment on a $500 check.   Robbins had helped Gould secure a motor for his motor home and Gould found it too small.   After getting no satisfaction from Robbins, Gould stopped payment and Robbins was angry. They met at the intersection of Huff Hill Road and Route 23 in Hartland.   According to Gould, Robbins hit Gould in the chest and stopped him from driving away by pulling the shift lever into park and breaking it off. Robbins was pushing Gould down on the seat with his shoulder when Gould's son, Weston, and nephew, Maurice Gould, arrived at the scene.   They pulled Robbins off and sent him from the scene.   Maurice testified to seeing Robbins drive a blue AMC both before and after the altercation.   Weston did not testify.

[¶ 3]   Robbins did not testify, but presented a friend to testify that she was driving the blue AMC, that Robbins was a passenger, and that the confrontation was entirely verbal until Weston or Maurice Gould hit Robbins with Gould's door and knocked him on top of Gould.

[¶ 4]   Weston Gould advised the State at the end of the first day of trial that one David Lyons was a witness to the altercation. The State promptly advised Robbins.   The next morning Weston produced an additional witness, Lisa Dexter, and again Robbins was advised.   Both parties had an equal opportunity to interview Lyons and Dexter before they were called in rebuttal.   Robbins objected on the grounds of a discovery violation and improper rebuttal evidence.

[¶ 5]   The court was satisfied that neither the State nor the investigating officer had been aware of Lyons or Dexter.   After a conference in chambers, the court ruled that both could testify, but limited that testimony to the circumstances of the confrontation and whether the defense witness was present at the scene or in the blue AMC.   Both Lyons and Dexter, who are unrelated to Gould, testified they saw Robbins alone in the blue AMC and they corroborated Keith Gould's version of the altercation.

[¶ 6]   On appeal Robbins attempts to create a due diligence standard for the State's investigation.   Citing *State v. Thurlow,* 414 A.2d 1241 (Me.1980) and *State v. Ledger,* 444 A.2d 404 (Me.1982), Robbins argues that the State had "a continuing duty to make a diligent inquiry as to the existence of relevant information and witnesses."   Robbins accuses the State of remaining "willfully ignorant of the evidence."

[¶ 7]   Contrary to the contention of Robbins, we have never stated that M.R.Crim.P. 16 imposes a duty of due diligence in the conduct of police investigations.   What we have required is that the State make a diligent inquiry of police agencies whether automatically discoverable information does exist in their files.   *See Thurlow,* 414 A.2d at 1244; *Ledger,* 444 A.2d at 411.   In this instance there was neither a discovery violation nor any error in permitting the rebuttal testimony.

The entry is:

Judgments affirmed.